UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CARRIE KOMISAREK
7598 State Highway 32 N
Gillett, Wisconsin 54124

    Plaintiff,

v.

PAPER TRANSPORT, INC.
1250 Mid Valley Drive
De Pere, Wisconsin 54115

    Defendant

Case No.: 19-cv-390

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Carrie Komisarek, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and in accordance with the Equal Pay Act of 1963, as amended ("EPA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin, Defendant resides and/or operate its business in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Carrie Komisarek, is an adult female resident of the State of Wisconsin with a post office address of 7598 State Highway 32 N, Gillett, Wisconsin 54124.

5. Defendant, Paper Transport, Inc., was, at all material times herein, a commercial entity with a principal address of 1250 Mid Valley Drive, De Pere, Wisconsin 54115.

6. Defendant is a privately-owned transportation company.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS – "OFF-THE-CLOCK" WORK PERFORMED IN PLAINTIFF'S COORDINATOR POSITION

13. On or about June 19, 2012, Defendant hired Plaintiff into the position of Driver on a part-time basis.

14. During Plaintiff's employment with Defendant in the position of Driver, Plaintiff worked in what was commonly referred to as Defendant's "local division."

15. On or about June 25, 2014, Plaintiff began working in the position of Driver on a full-time basis.

16. In approximately the year 2015, Defendant assigned Plaintiff to the position of Coordinator on a full-time basis.

17. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff worked in what was commonly referred to as Defendant's "local division."

18. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff reported directly to Jodi Pagels, Operations Manager, until approximately December 2018. Subsequently, Plaintiff reported directly to Jason Kruse, Operations Manager. Both Pagels and Kruse reported directly to Jeff Shefchik, President.

19. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff's job duties and job responsibilities included performing office work and communicating with Drivers and Operations Managers regarding Driver logistics and coordination, Drivers' schedules, Drivers' working conditions, and anything else related to same.

20. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

21. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

22. During Plaintiff's employment with Defendant, Defendant's established workweek for FLSA and WWPCL purposes was Sunday through Saturday.

23. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant compensated Plaintiff on a biweekly basis via check.

24. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff's normally and customarily worked a rotating "four days on, four days off" schedule – meaning, Plaintiff generally worked four (4) consecutive twelve (12) hours days, followed by being off of work for four (4) consecutive days thereafter – which repeated over time.

25. During Plaintiff's employment with Defendant in the position of Coordinator and when Plaintiff was working her "four days on" schedule, Plaintiff was normally and customarily scheduled to work from approximately 4:30 p.m. to 4:30 a.m. each day.

26. During Plaintiff's employment with Defendant in the position of Coordinator and when Plaintiff was working her "four days on" schedule, Defendant did not require or direct Plaintiff to record her hours worked. Instead, Defendant simply and generally compensated Plaintiff for twelve (12) hours of compensable work each work day.

27. During Plaintiff's employment with Defendant in the position of Coordinator and when Plaintiff was working her "four days on" schedule, Plaintiff normally and customarily arrived to work at Defendant at approximately 4:15 p.m. and immediately began performing compensable work on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge. Despite this, Defendant did not compensate Plaintiff for this pre-shift work performed.

28. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek.

29. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

30. During Plaintiff's employment with Defendant in the position of Coordinator and during Plaintiff's normal and customary "four days off" schedule, Plaintiff often and regularly performed compensable work on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge -- particularly at Pagels' direction and/or with Pagels' knowledge.

31. During Plaintiff's employment with Defendant in the position of Coordinator and during Plaintiff's normal and customary "four days off" schedule, Plaintiff often and regularly performed one (1) to three (3) hours of compensable work per day on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge.

32. During Plaintiff's employment with Defendant in the position of Coordinator and during Plaintiff's normal and customary "four days off" schedule, Plaintiff often and regularly physically performed compensable work on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge via computer and telephone from her home in Gillett, Wisconsin.

33. During Plaintiff's employment with Defendant in the position of Coordinator and during Plaintiff's normal and customary "four days off" schedule, Plaintiff often and regularly performed the following types compensable work on behalf of Defendant, at the direction of Defendant, and/or with Defendant's knowledge: communicating with Defendant's Drivers and Defendant's Operations Managers via e-mail, telephone calls, and text message regarding scheduling, coordination, and logistics; and viewing safety videos and/or completing safety modules via computer.

34. During Plaintiff's employment with Defendant in the position of Coordinator and during Plaintiff's normal and customary "four days off" schedule, Defendant did not compensate Plaintiff for the types of work performed on its behalf, at its direction, and/or with its knowledge as identified and described in Paragraph 33, above.

35. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant also did not compensate Plaintiff for performing other types of work than that which was identified and described in Paragraph 33, above, such as: travel time during the work day; and time spent training and communicating with Defendant's contracted, third-party security company, G4S Security, regarding trailer check and safety procedures.

36. During Plaintiff's employment with Defendant in the position of Coordinator, the types of work as identified and described in Paragraphs 33 and 35, above, were integral and indispensable parts of Plaintiff's principal activities in her Coordinator position.

37. During Plaintiff's employment with Defendant in the position of Coordinator, the types of work as identified and described in Paragraphs 33 and 35, above, were performed in furtherance of the job duties and job responsibilities of her Coordinator position.

**GENERAL ALLEGATIONS – NON-DISCRETIONARY COMPENSATION IN PLAINTIFF'S COORDINATOR POSITION**

38. During Plaintiff's employment with Defendant in the position of Coordinator and in addition to wages earned at a regular or overtime rate of pay, Defendant compensated Plaintiff with other monetary payments, such as quarterly, bi-annual, and/or annual bonuses.

39. The monetary bonuses that Defendant compensated Plaintiff with during Plaintiff's employment in the position of Coordinator were based upon Plaintiff's hours worked and/or work performance.

40. The monetary bonuses that Defendant compensated Plaintiff with during her employment in the position of Coordinator were non-discretionary in nature: they were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

41. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

**

42. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant did not compensate Plaintiff for all hours worked and/or work performed each workweek, including those hours worked in excess forty (40) in a workweek.

43. During Plaintiff's employment with Defendant in the position of Coordinator, Plaintiff's paychecks did not properly or legally compensate her for all hours worked and/or work performed each workweek, including at an overtime rate of pay.

44. During Plaintiff's employment with Defendant in the position of Coordinator, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay for all hours worked and/or work performed beyond forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

45. Defendant knew or should have known that, in accordance with the FLSA and WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and/or work performed during workweeks when she performed compensable work in excess of forty (40) hours.

46. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

47. As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek, Defendant owes Plaintiff a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

## GENERAL ALLEGATIONS – PLAINTIFF'S DRIVER POSITION

48. During Plaintiff's employment with Defendant and in addition to performing work in her Coordinator position, Plaintiff also performed work in the position of Driver.

49. During Plaintiff's employment with Defendant in the position of Driver, Plaintiff performed the job duties of a Driver, which included hauling dry goods, materials, and items (and excluding hazardous and/or refrigerated materials).

50. During Plaintiff's employment with Defendant in the position of Driver, Plaintiff performed the job duties of a Driver in what was commonly referred to as Defendant's "local division."

51. During Plaintiff's employment with Defendant, individuals who performed the job duties of a Driver in Defendant's "local division," including Plaintiff, drove exclusively locally and/or intrastate.

52. During Plaintiff's employment with Defendant, individuals who performed the job duties of a Driver in Defendant's "local division," including Plaintiff, did not drive interstate.

53. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), there were approximately seventy-five (75) to one hundred (100) Drivers in Defendant's "local division," including Plaintiff.

54. At times during Plaintiff's employment with Defendant during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff was the only female Driver in Defendant's "local division."

55. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and the other males Drivers in Defendant's "local division" performed the same work for Defendant: hauling dry goods, materials, and items (and excluding hazardous and/or refrigerated materials) intrastate.

56. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), the male Drivers in Defendant's "local division" did not maintain any different (or additional) licenses, certifications, and/or endorsements than Plaintiff.

57. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Defendant agreed to compensate employees who performed the job duties of a Driver in its "local division" pursuant to and in accordance with its "Driver Compensation Plan."

58. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated the male Drivers in its "local division" pursuant to and in accordance with Defendant's "Driver Compensation Plan."

59. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff pursuant to and in accordance with Defendant's "Driver Compensation Plan" when Plaintiff performed the job duties of a Driver in Defendant's "local division."

60. During Plaintiff's employment with Defendant and during the three-year time period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated the male Drivers in its "local division" with a higher hourly rate of pay and additional forms of non-discretionary compensation, such as bonuses and a premium rate of pay, than it compensated Plaintiff for performing the job duties of a Driver in its "local division."

**FIRST CAUSES OF ACTION – FLSA VIOLATIONS (OVERTIME PAY: "OFF-THE-CLOCK" WORK AND NON-DISCRETIONARY COMPENSATION)**

61. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

64. Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek by failing to compensate Plaintiff for "off-the-clock" work performed each workweek.

65. Defendant intentionally violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

66. Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

67. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

68. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSES OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY: "OFF-THE-CLOCK" WORK AND NON-DISCRETIONARY COMPENSATION)**

69. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

70. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

71. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

72. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

73. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

74. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for all hours worked and work performed.

75. During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

76. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to at the correct overtime rate of pay, because Defendant failed to include all non-discretionary forms of compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

77. Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

78. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

79. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
(FAILURE TO PAY AN AGREED-UPON WAGE,
INCLUDING AT AN OVERTIME RATE OF PAY)**

80. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

81. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

82. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

83. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

84. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving agreed-upon compensation for these activities, including at an overtime rate of pay.

85. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with the agreed-upon rates of pay and forms of compensation stated in and pursuant to its "Driver Compensation Plan" for each hour Plaintiff worked in a workweek in her position as Driver.

86. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), for all hours worked and work performed pursuant to Defendant's "Driver Compensation Plan."

87. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for any and all hours worked during her employment with it pursuant to its "Driver Compensation Plan."

88. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable

relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

89. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

## FOURTH CAUSE OF ACTION – EQUAL PAY ACT VIOLATIONS

90. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

91. Within the meaning of the Equal Pay Act of 1963 ("EPA"), in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, as amended by the EPA, Defendant intentionally and willfully discriminated against Plaintiff on the basis of her sex/gender (female) in the terms and conditions of her employment in the position of Driver by compensating her less than her similarly-situated male Driver counterparts, in reckless indifference to her federally protected rights.

92. As a result of Defendant's intentional and willful discrimination, Plaintiff has suffered damages in the form of lost wages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, reimbursement for unpaid wages (including but not limited to overtime wages), pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA, WWPCL, and EPA;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 18th day of March, 2019

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          **_s/ Scott S. Luzi_**
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405
                                          Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com